The charge of the Court was delivered by
Conyngham, P. J.
The Court explained the ease and then said the Sheriff and his deputy may be liable as tresspassers, and so Mr. Harrington also, if he directed the officer to disregard a legal claim for an appraisement under the exemption act, and required the Sheriff to go on and sell the property. There can be no recovery against the other defendants, who did nothing as we learn from the- testimony, but aid in removing-the property after the Sheriff’s sale; this would not make them tresspassers.
"Was there then a legal demand for an appraisement? This must depend upon the facts to be found by the jury, though there does not seem to be much dispute about them.
A levy, it is claimed, was made upon a large amount of property, of which a considerable portion was afterwards released on August 29th; this must have been shortly after the levy, as the sale was first fixed for September 6th. If the then defendant, Engle, claimed at the time of the- levy the appraisement, it would be in due time, but if when he made this claim, he alleged that the horse and the hides did not belong to him, but *538 that he had sold the horse to his brother, and that the hides-belonged to Griffin, the Sheriff was not then bound to hold an appraisement upon the disputed property. If, in consequence of this, as contended here, the party released to him a large portion of his goods, which would have been subject to appraisement, and the Sheriff required from the then plaintiff an indemnity,, adjourning the sale at different times, as some of the witnesses say, he stated for the purpose of obtaining the advice of counsel (the first time according to Spencer, that Engle might see Mr. Rankin, his own counsel,) the statement by the counsel of Engler Mr. Rankin, made some time after the levy, and original demand of appraisement, that the sale of the property would not be good against creditors, and that the defendant still had an interest,, which must be appraised, and therefore, that he' must have an appraisement, would not then give him a right to an appraisement so as to make the officer a trespasser for refusing it.
The party in selling the property and retaining the possession was gu¿lty of a fraud against creditors in the eye of the law,, and claiming, then, what was fraudulent in law, to be honest and right, and thus putting the Sheriff into the apparent danger of liability, would take away any such right, which under other-circumstances he might claim, but which could only rest upon the principle that it was his own property. He was setting up a fraud to defeat a creditor, even though he in ignorance of the law, supposed it was all right for him to retain the possession of property, when he had parted with the title.
Again we do not see upon what principle, he can claim the-property against his creditors, and for the benefit, not of himself and family, but of his brother and Griffin, who, if he could have retained the property under the appraisement could immediately have taken it away from him. Such questions as this-must be decided upon general principles, and not upon exceptional rules, and the.law will not encumber a Sheriff in the performance of his duty, by requiring him to decide the sometimes difficult questions, whether the apparent possession or ownership, of property be fraudulent in law or .not.-
If you find that the present plaintiff, Engle, at the time of the levy, alleged this property now in question to belong to others,. *539 the Sheriff will not be liable for refusing to give him an appraisement, though after the Sheriff'was identified and after the advertisement, but before the sale, he may have admitted to the Sheriff by his counsel that the property could be legally taken as his, and then demanded an appraisement. The claim had been of ownership in other parties, the Sheriff had been idemnified, having been incumbered in his action, and in fact hindered, and then when the defendant, Engle, found the fraudulent act in law would not avail him, it was too late for him to demand that the same right should be allowed him as if he had never set up this fraudulent claim, and had not put the parties and the officer to the hinderance, annoyance and inconvenience to which they had been exposed. If a contrary rule be adopted, it might require an officer or the plaintiff when called upon to idemni%, in a case where the party alleged in the first place that the property belonged to another, and afterwards professed to abandon Ms claim to investigate the question of title of which notice had been given, at the risk of liability if he refused the appraisement, not only to the defendant for the value of the property,’^but also to the alleged other claimant or owner, unless afterwards in defence he could make out the fraud either in law or fact. No officer should be exposed to such a difficulty often dependent upon complicated questions upon disputed evidence.
To which charge the plaintiffs counsel excepted and prayed the Coui’t to reduce the same to writing, and file it of record, which is done.
The jury found for the defendants.